UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAHID TAHIR,

    Petitioner,

v.                                       CASE NO. 2:23-CV-11302
                                             SEAN F. COX
                                             UNITED STATES DISTRICT JUDGE

UNITED STATES
PROBATION DEPARTMENT,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Shahid Tahir, ("Petitioner"), currently serving a sentence of home confinement through the Bureau of Prisons (BOP), filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner seeks to be discharged early from home confinement. For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED WITH PREJUDICE.

**I. Background**

On March 15, 2016, Petitioner pleaded guilty before this Court to one count of conspiracy to commit health care fraud and wire fraud. 18 U.S.C. § 1349. *United States v. Tahir,* No. 15-CR-20351 (ECF No. 137). Petitioner was

1

sentenced on November 4, 2016 to 126 months in prison, followed by 36 months of supervised release. Petitioner was also ordered to pay fines, costs, and restitution. (ECF No. 209). Petitioner filed an appeal from his sentence, but the appeal was dismissed because petitioner had waived his right to appeal as part of the plea agreement, unless his sentence exceeded 168 months. *United States v. Tahir,* No. 16-2686 (6th Cir. June 9, 2017).

In 2020, Petitioner filed a motion for compassionate release. Petitioner sought release based on (1) his health problems, including type II diabetes mellitus and hypertension, combined with the danger posed by COVID-19; (2) his lack of danger to the community; and (3) his efforts at rehabilitation and low likelihood of recidivism. This Court denied the motion, finding that Petitioner was a danger to the community under USSG § 1B1.13(2) and that the sentencing factors in 18 U.S.C. § 3553(a) weighed against release. *United States v. Tahir*, No. CR 15-20351, 2020 WL 5640461 (E.D. Mich. Sept. 22, 2020), *aff'd*, 20-1971, 2021 WL 1390388 (6th Cir. Mar. 31, 2021).

At some point, the Bureau of Prisons released Petitioner to serve the remainder of his sentence in home confinement.

Petitioner filed the instant petition for writ of habeas corpus, raising the following claim for relief:

> Whether, in the best interest of justice, the Petitioner is entitled to early release from home confinement, where, as here, the Petitioner

has sufficiently demonstrated that his medical and emotional well-being will be materially and positively impacted without the continuing limitations imposed while on home confinement.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

3

Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796 (additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

This Court has no power to order that Petitioner be released early from home confinement. The Bureau of Prisons has "plenary control, subject to statutory constraints" over "the place of a prisoner's imprisonment." *See Tapia v. United States*, 564 U.S. 319, 331 (2011). Under 18 U.S.C. § 3621(b), the Bureau of Prisons, not the judiciary, "is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). The BOP "may ... place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Moreover, due to the COVID-19 pandemic, "if emergency conditions will materially affect the functioning of the Bureau," the BOP has discretion to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under § 3624(c)(2). *See* Coronavirus Aid, Relief, and Economic Security Act (CARES Act) § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281, 516 (Mar. 27, 2020).

4

However, a prisoner "enjoys no statutory or constitutionally protected right, or entitlement, to transfer to…home confinement." *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016). This Court has no power to order a prisoner's release to home confinement under the CARES Act, as that power is reserved to the Attorney General and Bureau of Prisons. *See United States v. Mathews*, No. 21-1697, 2022 WL 1410979, at * 3 (6th Cir. Apr. 4, 2022); *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at * 2 (6th Cir. Aug. 19, 2020). As this Court lacks the power to order a prisoner's transfer to home confinement, or review a BOP decision to deny placement in home confinement, "it is axiomatic [that] it also lacks authority to review a BOP decision regarding the termination of a home confinement placement." *United States v. Walker*, No. 11-20551, 2021 WL 4949225, at * 1 (E.D. Mich. Oct. 25, 2021)(internal quotation omitted). This Court lacks the authority to grant Petitioner's request because the decision to place or release Petitioner from home confinement rests entirely with the BOP. *Id.*

### III.  ORDER

Accordingly, the Court **ORDERS** that:

(1) The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. Petitioner is **GRANTED** leave to appeal *in*

*forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 18, 2023